**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4259

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOSE DE JESUS GONZALEZ-ESTRADA, a/k/a Chewy,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:11-cr-00003-RJC-8)

Submitted: November 15, 2013     Decided: December 6, 2013

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Denzil H. Forrester, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina; Mythili Raman, Acting Assistant Attorney General, Denis J. McInerney, Acting Deputy Assistant Attorney General, Ross B. Goldman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose De Jesus Gonzalez-Estrada ("Estrada") pleaded guilty to conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012) (Count One); conspiracy to distribute and to possess with intent to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2012) (Count Two); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2012) (Count Three). He received a sentence of ninety-four months' imprisonment. Estrada appeals his sentence, contending that the district court erred in attributing more than nine kilograms of cocaine to him. Although we affirm Estrada's sentence, we remand for the purpose of correcting a clerical error in the judgment.[1] See Fed. R. Crim. P. 36.

Estrada and twelve codefendants were engaged in a drug conspiracy that maintained a "stash house" in Charlotte, North Carolina. On January 16, 2011, law enforcement officers observed Estrada exiting the stash house with a child's car seat, which a search later revealed to contain one kilogram of

---

[1] The judgment erroneously states that Count One was dismissed on the Government's motion. However, the record reveals that the Government did not move to dismiss any of the counts, and no counts were dismissed.

cocaine.  Searches of the stash house and two other vehicles leaving the stash house revealed an additional seven kilograms of cocaine.  One of Estrada's codefendants informed law enforcement that Estrada was a "runner" for the organization and that, in December 2010, Estrada had delivered to him a total of one and three-quarters kilograms of cocaine.

At sentencing, Estrada objected to the probation officer's recommendation that Estrada be held responsible for the cocaine recovered from the stash house and other vehicles. The district court overruled the objection, finding that Estrada "was aware of the bulk quantity coming in" to the stash house and that "it was reasonably foreseeable to him that others were moving similar weights [to Estrada's one kilogram]."  (J.A. 85-86).[2]

Under the Sentencing Guidelines, a defendant convicted of conspiring to distribute controlled substances "is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook."  U. S. Sentencing Guidelines Manual § 1B1.3 cmt. n.2 (2011).  The government must prove the drug

---

[2] "J.A" refers to the joint appendix filed by the parties.

quantity attributable to the defendant by a preponderance of the evidence. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). The district court may rely on information in the presentence report unless the defendant affirmatively shows that the information is inaccurate or unreliable. Id. A district court's findings on drug quantity are generally factual in nature, and therefore we review them for clear error. Id.

We conclude that the district court did not err in finding that, in addition to the two and three-quarters kilograms of cocaine directly attributable to Estrada, the seven kilograms from the stash house were reasonably foreseeable to Estrada based on his position as a drug runner for the organization. See United States v. Santos-Rivera, 726 F.3d 17, 29-30 (1st Cir. 2013). Accordingly, we affirm the district court's judgment. Because the judgment does not accurately recite the disposition of this case, we remand to the district court with instructions for the court to correct the clerical error found on the first page of the judgment. See Fed. R. Crim. P. 36. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED AND REMANDED